**KAZEROUNI LAW GROUP, APC**
David J. McGlothin, Esq.
david@kazlg.com
Ross H. Schmierer, Esq.
(Admitted *Pro Hac Vice*)
ross@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| FARBOD HADIZADEH MOGHADAM,<br>Plaintiff,<br><br>V.<br><br>SET FORTH, INC. ET AL.,<br>Defendants. | Case No.: 2:25-cv-06054-BFM<br><br>**JOINT RULE 26(F) REPORT**<br><br>Judge: Hon. Michael B. Kaufman |

Pursuant to the Court's Order Setting Rule 26(F) Conference (Dkt. No. 17), Rule 26 of the Federal Rule of Civil Procedure and the Local Rules of the Central District of California, counsel for Plaintiff Farbod Hadizadeh Moghadam ("Plaintiff") along with counsel for defendant Set Forth, Inc. ("SF"), defendant Cordoba Legal Group PLLC ("CLG"), and defendant EASY FINANCE ("EF")[1]

[1] Initially, the Plaintiff proceeded *pro se* against the Defendants in state court. There, ***all*** the Defendants were represented by attorney Peter Cipparulo, III. Before the Kazerouni Law Group was retained to represent the Plaintiff and putative class, the Plaintiff and Defendants entered into a Stipulation dismissing the state court case without prejudice subject to certain conditions. In addition to preserving evidence, the Defendants agreed to waive formal service of process and attorney Cipparulo agreed to accept service upon behalf of each of the Defendants. The Defendants also expressly agreed to waive any defenses based upon insufficiency of process or insufficiency of service of process. At this juncture, SF and CLG have retained new counsel. Plaintiff's counsel has reached out to attorney Cipparulo several times regarding whether he communicated EF's responsive pleading deadline to any principal or in-house counsel for EF. Attorney Cipparulo indicated via email that he is "looking into it." Plaintiff is hopeful that EF will appear shortly and the parties can avoid any unnecessary motion practice or judicial intervention to rectify this issue.



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

(collectively referred to as the "Defendants") (the Defendants and Plaintiff shall be collectively referred to as the "Parties"), hereby submit this Joint Rule 26(f) Report.

**a. Statement of the Case**

Plaintiff:

Plaintiff filed this class action complaint alleging that the Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA") and the California Invasion of Privacy Act Cal. Pen. Code § 632 ("CIPA").

Defendant SF sells debt servicing solutions to businesses and debt relief account administration to individual consumers. Defendant CLG practices law in multiple practice areas, including contract law, creditor defense, estate planning, litigation, defense, and tenant/landlord matters. And defendant EF offers debt refinancing services based in Los Angeles, California and makes calls on behalf of Defendant CLG.

Beginning on October 12, 2023, the Defendants bombarded Plaintiff's Cell Phone with pre-recorded artificial messages marketing certain financial products and services. In total, Plaintiff received over 26 calls along with 26 pre-recorded and artificial voice messages originating from the Defendants.

In addition, Defendant EF violated Cal. Pen. Code § 632.7(a) by intentionally recording confidential telephonic communications between itself and Plaintiff without his consent.

Defendant SF

SF denies all material allegations in the Complaint. SF denies that it violated the TCPA at all, much less that it engaged in "willful or knowing" violations. SF possesses evidence demonstrating that Plaintiff's phone number was at some point in time registered as a business phone number. SF additionally possesses evidence that Plaintiff voluntarily consented to receiving the calls at issue. SF will take discovery to prove its affirmative defenses, including, *inter alia*, that Plaintiff and/or the members of the proposed class expressly invited any communications received,

as well as discovery relevant to its affirmative defenses. Plaintiff does not allege its claim for violation of the California Invasion of Privacy Act ("CIPA") against SF. SF additionally asserts that a class cannot be certified in this action because, among other things, individualized issues concerning consent will predominate. SF will take discovery to demonstrate that Plaintiff cannot meet the requirements of Rule 23. However, even if a class were ever certified, it is SF's position that it would be unconstitutional to impose statutory damages under the TCPA on a class wide basis.

Defendant CLG

CLG generally agrees with Plaintiff's statement of the allegations contained the Complaint, but, as set forth in CLG's Answer, CLG denies many of the material allegations therein, and/or that it is liable to Plaintiff. Specifically, CLG denies any allegations that EF was authorized to make or initiate any calls on its behalf.

**b. Subject Matter Jurisdiction**

Plaintiff:

This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Specifically, CAFA extends federal jurisdiction over this class action because: (1) minimal diversity exists, i.e. Plaintiff is a citizen of a state different from any Defendant; (2) there are at least 100 members in the proposed plaintiff class; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d). No parties remain to be served.

Defendant SF:

The Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, since they arise under federal law, specifically the Telephone Consumer Protection Act 47 U.S.C. § 227.

Defendant CLG:

CLG admits that, as alleged, this Court has subject matter jurisdiction over Plaintiff's claims against the Defendants, pursuant to 28 U.S.C. § 1331. However,

KAZEROUNI LAW GROUP, APC

as set forth in CLG's ninth affirmative defense, CLG asserted that, at this juncture, this Court lacks jurisdiction over all or some of the claims asserted on behalf of the absent class members.

**c. Legal Issues**

Plaintiff: Plaintiff believes the key legal issues that are pertinent to this case are:

a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed marketing calls to cellular telephone numbers;

b. Whether Defendants made phone calls to consumers using an artificial or pre-recorded voice to any telephone number assigned to a cellular phone service;

c. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the DNC and who had neither an established business relationship nor personal relationship with Defendants;

d. Whether Defendants obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

e. Whether Defendants' conduct violated the TCPA;

f. Whether Defendants willfully or knowingly violated the TCPA;

g. Whether Plaintiff and the Class members were damaged thereby, and Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

h. Whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct;

i. Whether Plaintiff and the members of the Class are entitled to attorney fees and costs for Defendants' acts and conduct;

j. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future; and



KAZEROUNI LAW GROUP, APC

k. Whether Plaintiff and the Class are entitled to any other relief.

Defendant SF:

SF generally agrees as to the legal issues raised by Plaintiff. The following legal issues exist: (i) whether Plaintiff has stated a class of litigants capable of certification under Rule 23; (ii) whether common questions of law and fact predominate with regard to the alleged putative class; (iii) whether Plaintiff's claims are typical of the alleged putative class; (iv) whether Plaintiff will fairly and adequately protect the interest of the alleged putative class; (v) whether a class action is the appropriate method for a fair and efficient adjudication of this dispute; (vi) whether the underlying facts support class certification; (vii) whether the calls made to Plaintiff and/or the putative class were made with prior express consent; (viii) which Defendants, if any, violated the TCPA, and whether the other Defendants possessed control of that party; and (iv) if there was a violation of the TCPA, whether the violation was made willfully or knowingly.

Defendant CLG:

Defendant CLG agrees that the legal issues raised by Plaintiff appear to be those at issue in this litigation, but, for the reasons set forth in its Answer, denies the material allegations of the Complaint and has raised multiple affirmative defenses therein.

**d. Parties, evidence, etc.**

Plaintiff:

Other than the named Plaintiff and Defendants, Plaintiff is not currently aware of any other parties with respect to the main issues in the case. However, Plaintiff believes that additional parties may be discovered through written discovery requests and depositions. Plaintiff reserves the right to amend the complaint if additional parties are discovered.

In addition to deposition testimony, Plaintiff shall seek the following discovery related to the TCPA claims:

- Discovery regarding the usage of Defendants' pre-recorded voice;
- Discovery regarding all notes of conversations with Plaintiff;
- Discovery directed primarily towards Defendants' defenses to Plaintiff's claims;
- Discovery identifying all parties involved in the making of prerecorded voice calls;
- Information relating to the content, creation, and instructions to make the calls, as well as information sufficient to identify Plaintiff as the recipient of the call at issue;
- Plaintiff will also seek related information from any third-party marketers or others involved in the making of the calls;
- Defendant's telemarketing practices, and the calls at issue;
- Discovery of any experts retained by Defendant in connection with the claims in this case;
- Statutory damages available under the TCPA.

In addition, Plaintiff shall seek the following discovery related to his CIPA claims:

- Call logs for calls made from California area codes for the class period as well as documents concerning;
- Calls scripts, messages, or campaigns;
- Defendant's efforts, if any, to comply with the CIPA;
- Complaints lodged by any person or government entity;
- Investigation of, and responses to, those complaints, including any internal correspondence, emails, notes, etc.;
- Disposition of those complaints;
- Disciplinary measures, reprimands, or similar actions taken against Defendant's employees; and
- Any policies, procedures or training provided or required by

KAZEROUNI LAW GROUP, APC

Defendant to ensure compliance with the CIPA.

Defendant SF:

SF's evidence shall consist of (i) Data regarding calls placed to Plaintiff and the putative class, including dates of calls, telephone numbers called, and any other available data that could be used to identify the person called; (ii) documents concerning the technology utilized to make the calls at issue; (iii) documents relating to the relationship between SF and the other defendants; (iv) documents reflecting the prior relationships and/or permission from alleged putative class members to receive calls; (v) supporting affidavits and, if necessary, testimony of SF's officers; (vi) testimony of Plaintiff (vii) documents concerning Plaintiff's prior business(es); (viii) documents produced or identified by Plaintiff not objected to by SF; and (iv) documents produced or identified by the other defendants not objected to by SF. SF does not believe there is a likelihood of additional parties appearing.

Defendant CLG:

CLG intends to call the parties as a witness, and potentially, any later named putative class members. CLG may also seek the deposition of such parties.

CLG intends to seek discovery related to, among other things, Plaintiff's phone records; correspondence regarding the parties and claims in this action; all correspondence between Plaintiff and the parties; as well as all documentation from Plaintiff that it used or relied upon in framing the allegations in the Complaint.

**e. Damages**

Plaintiff: Plaintiff, individually and on behalf of the DNC Class and the Prerecorded Class seek statutory damages, injunctive relief, and attorney's fees and costs. Similarly, statutory damages under the CIPA are straightforward. The CIPA permits a private right of action to collect $5,000 per violation. Calculating class-wide damages is straightforward and premised on simple math. Upon receiving the class list, Plaintiff shall be able to calculate damages.

//




KAZEROUNI LAW GROUP, APC

Defendant SF:

SF asserts that neither Plaintiff nor any putative class member has suffered damages.

Defendant CLG:

Plaintiff is not entitled to recovery of any damages and CLG may seek recovery of its attorneys' fees from Plaintiff.

**f. Insurance**

Plaintiff: Plaintiff is not aware of any insurance that would be applicable to this action.

Defendant SF:

SF is not aware of any insurance that would be applicable to this action.

Defendant CLG:

CLG is not aware of any insurance that would be applicable to this action.

**g. Motions**

Plaintiff: At the current time, Plaintiff does not presently intend to file any motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

At the appropriate time, Plaintiff shall file a motion for class certification as well as a motion for summary judgment. However, Plaintiff reserves the right to file any motions at a future time.

Defendant SF:

SF does not intend on filing any motions seeking to add other parties or claims, file amended pleadings, or to transfer venue.

Defendant CLG: At the current time, CLG does not presently intend to file any motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

//

//



KAZEROUNI LAW GROUP, APC

Notwithstanding, CLG is contemplating filing a motion for judgment on the pleadings and, may, at the appropriate time, file a motion for summary judgment. CLG reserves the right to file any motions at a future time.

**h. Status of Discovery**:

The Parties have yet to participate in formal discovery.

Plaintiff: Plaintiff anticipates propounding written discovery in the form of Requests for Admission, Special Interrogatories, and Requests for Production of Documents. Plaintiff also anticipates deposing the person(s) most knowledgeable or representative(s) pursuant to FRCP 30(b)(6) for each of the Defendants. The Plaintiff does not propose limitations or modifications of the discovery rules.

Defendant SF: SF similarly anticipates propounding written discovery in the form of Requests for Admission, Interrogatories, and Requests for Production of Documents. SF anticipates deposing Plaintiff, any putative class members, and potentially the person(s) most knowledgeable or representative(s) pursuant to FRCP 30(b)(6) for each of the co-Defendants.

Defendant CLG:

CLG also anticipates propounding written discovery in the form of Requests for Admission, Interrogatories, and Requests for Production of Documents. CLG also anticipates deposing Plaintiff, any putative class members, and potentially the person(s) most knowledgeable or representative(s) pursuant to FRCP 30(b)(6) for each of the co-Defendants.

**i. Discovery Plan**

Plaintiff: Plaintiff does not believe any changes should be made in the disclosures under FRCP 26(a) for this action.

Regarding the TCPA claims, Plaintiff anticipates discovery will be needed based on: (i) whether Defendants knowingly made unsolicited and unauthorized phone calls to Plaintiff's cellular phone; (ii) whether Defendants used an artificial and/or prerecorded voice to make the telephone calls; (iii) whether Defendants used

KAZEROUNI LAW GROUP, APC

an automatic telephone dialing system to make non-emergency telephone calls; (iv) whether Defendants had prior written consent before contacting Plaintiff and; (v) whether Defendants violated the National Do Not Call provision.

Regarding the CIPA claim, Plaintiff anticipates discovery will be based on whether the Defendants – or third parties direct by Defendants – used equipment with the capacity to record and store a confidential communication without the consent of Plaintiff.

Plaintiff does not believe that discovery should be conducted in phases or otherwise limited.

Plaintiff does not believe the applicable limitations should be changed or other orders should be imposed. However, Plaintiff reserves the right to request limitations as needed at a future date.

Plaintiff does not believe the Court should enter other orders

Defendant SF: SF does not believe that any changes need to be made to the timing, form, or requirement for initial disclosures under Rule 26(a). SF will provide its initial disclosures within fourteen (14) days of the rescheduled Rule 26(f) conference. SF does not believe that class-certification and merits-related discovery need be pursued in separate phases. The subjects of written and oral discovery bearing on the merits will track the elements of a TCPA claim, and Defendants' alleged defenses thereto. Discovery may include, without limitation: (a) Defendants' contracts with each other regarding telemarketing; (b) Defendants' telemarketing calls; (c) Defendants' scripts and policies regarding telemarketing calls; (d) Defendants' use of information gathered in telemarketing calls; (e) SF's assertion that the telemarketing calls in question were consented to by the recipient; and (f) contact information for the class members.

Defendant CLG:

CLG respectfully requests that the Court So Order the attached Schedule of Pretrial and Trial Dates Worksheet.



KAZEROUNI LAW GROUP, APC

**j. Expert Discovery**

Plaintiff: Please see attached Schedule of Pretrial and Trial Dates Worksheet.

Defendant SF: SF anticipates the use of expert witnesses. The parties agree to May 25, 2027, for initial expert disclosure; June 8, 2027, for rebuttal expert disclosure; and June 21, 2026, for expert discovery cut-off.

Defendant CLG: CLG respectfully requests that the Court So Order the attached Schedule of Pretrial and Trial Dates Worksheet.

**k. Dispositive Motions**

Plaintiff: After the class is certified, Plaintiff intends to file a summary judgment on the issues of: (i) consent and the use of artificial and pre-recorded calls for the TCPA claims; and (ii) whether the class members were told that they were being recorded at the outset of any recorded conversations for the CIPA claims.

Defendant SF: SF intends on seeking summary judgment and/or summary adjudication following discovery.

Defendant CLG:

At the appropriate time, CLG intends to file a motion for summary judgment on all claims asserted against CLG in the Complaint.

**l. Settlement and ADR:**

Plaintiff: To date, the Parties have not engaged in settlement discussions. However, if the Parties are unable to resolve the matter independently, Plaintiff is amenable to participating in private mediation.

Defendant SF: SF is amenable to a referral to a Magistrate Judge for a Settlement Conference. SF accordingly request such a referral to a Magistrate Judge. To date, no settlement discussions have occurred between Plaintiff and SF in this action.

Defendant CLG:

CLG agrees with Plaintiff regarding its position on Settlement and ADR.

//

KAZEROUNI LAW GROUP, APC

**m. Timetable:**

The Parties have filled out the Schedule of Pretrial and Trial Dates Worksheet, which is attached to this Report.

**n. Trial Estimate**

Plaintiff: Plaintiff estimates a trial of 5 days. Plaintiff requests a trial by jury and anticipates called 2-5 witnesses from each of the Defendants.

Defendant SF: SF estimates 5 days. Plaintiff has requested a jury trial.

Defendant CLG:

CLG believes that a 5 day trial should be sufficient. At this juncture, CLG is unaware whether Plaintiff has waived its right to a trial by jury with respect to any documentation it entered into with the other co-Defendants. Absent such a waiver, CLG recognizes that Plaintiff has a right to have its legal claims heard by a jury.

**o. Lead Trial Counsel**

Plaintiff: Ross H. Schmierer (admitted *pro hac vice*) will be lead trial counsel for Plaintiff.

Defendant SF: Ismail Amin of TALG, Ltd.

Defendant CLG: Robert B. Volynsky will be lead trial counsel for CLG.

**p. Other Issues**

Plaintiff:

- **Protective Order**: Plaintiff requests that a stipulated protective order governing confidential information be filed 30 days after the submission of this report so as to not delay discovery.
- **No Bifurcation of Discovery**: Plaintiff believes that discovery should not be conducted in stages, given the relatively simple nature of this action for telemarketing calls to cellular telephones without express consent to receive such type of communication. Courts often permit class and merits discovery to be conducted simultaneously. Since there is a heavy overlap of class certification and

KAZEROUNI LAW GROUP, APC

merits issues,[2] Plaintiff believes that it would impose an undue burden to conduct discovery in stages.

Defendant SF: For the reasons listed by CLG, SF requests that discovery be bifurcated into class-certification discovery and merits discovery.

Defendant CLG:

**Bifurcation of Discovery:**

CLG respectfully requests that discovery be bifurcated into class-certification discovery and merits discovery as doing so will promote the judicial economy by permitting the parties and the Court to address the threshold issue of whether this matter is appropriate for class treatment before requiring the parties to incur the substantial burden and expense associated with full merits discovery. Although Plaintiff contends there is overlap between class and merits issues, CLG submits that any overlap is limited and does not justify opening broad merits discovery at the outset of the case. Indeed, class wide merits discovery (including discovery concerning the content of communications, consent, damages, and individualized issues) would be significantly more burdensome than discovery necessary to resolve class certification. Because denial of class certification would eliminate the need for broad merits discovery, CLG submits that, bifurcation is consistent with the proportionality standard under Rule 26(b), as it avoids unnecessary expense and burden, streamlines the litigation, and causes no prejudice to any party.

Dated: July 30, 2026

**KAZEROUNI LAW GROUP, APC**

*/s/Ross H. Schmierer*
Ross H. Schmierer, Esq.
(Admitted *Pro Hac Vice*)_
*Attorneys for Plaintiff*

[2] "Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case." *Knutson v. Schwan's Home Serv*., 2013 U.S. Dist. LEXIS 41995, *4 (S.D. Cal. Mar. 25, 2013) (citing *Wal-Mart Stores Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52 (2011) (explaining that often the rigorous analysis under Rule 23(a) will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.)).



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

Dated: July 30, 2026

**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**

*/s/ Robert B. Volynsky*
Robert B. Volynsky (SBN310600)
*Attorneys for Defendant Cordoba Legal Group PLLC*

Dated: July 30, 2026

**TALG, LTD**

*/s/ Ismail Amin*
Ismail Amin (SBN 231232)
*Attorneys for Defendant Set Forth, LLC*

**SIGNATURE CERTIFICATION**

I, Ross H. Schmierer, hereby certify that the content of this document is acceptable to all counsels listed above, and that I have obtained their authorizations to affix their electronic signatures to this document.

By: */s/ Ross H. Schmierer*
*Attorney for Plaintiff*